**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NANCY RUGGIERO,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTIAN CONGRETATION OF JEHOVAH'S WITNESSES, HDQ, NY, et al.,<br><br>    Defendants. | No. 2:20-CV-1561-KJM-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff, who is proceeding pro se, brings this civil action. On September 2, 2021, the Court determined the matter was appropriate for service by the United States Marshal and directed Plaintiff to file notification within 15 days that specific documents have been submitted to the United States Marshal to allow for service. See ECF No. 4. As of December 29, 2021, Plaintiff had not complied and there was no indication on the Court's docket that any defendant has been served. On December 29, 2021, the initial scheduling conference was vacated and Plaintiff was directed to show cause within 30 days why this action should not be dismissed for lack of prosecution and failure to comply with court rules and orders. See ECF No. 8. To date, Plaintiff has not responded to the Court's December 29, 2021, order to show cause or otherwise demonstrated compliance with the Court's September 2, 2021, order.

///

1   The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of Plaintiff's failure to prosecute this case as directed, the Court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 14, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE